# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JULIE K. MCCAMMON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO: 1:08-mc-00340 (CKK) |
| ) | |
| UNITED STATES, et al., ) | |
| ) | |
| Respondents. ) | |

# MEMORANDUM IN OPPOSITION TO UNITED STATES' MOTION TO DISMISS

1. On June 24, 2008, Respondent United States filed a motion to dismiss. For reasons stated herein, Petitioner believes that this Court has jurisdiction to hear this case and that Respondent's motion to dismiss should be denied. This case is related to case number 1:08-mc-00298 (CKK).

   **I.    Defining the proper analysis of 26 USC 7609**

2. There are two distinct interpretations of 26 USC 7609(h)(1) – which states: "the United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)." Petitioner reads this sentence in two parts, whereas Respondent reads it as one – as evidenced

in documents filed in case number 1:08-mc-00298 (CKK).

3. Petitioner believes section 7609 to mean as follows: (a) that U.S. district courts do have jurisdiction to hear and determine proceedings related to IRS summons – and considers that jurisdiction to be subject-matter jurisdiction; and (b) the issue of where a person "resides or is found" is a matter of personal jurisdiction. When Petitioner claims that U.S. district courts do have subject-matter jurisdiction to adjudicate an IRS summons case [based on 26 USC 7609(h), 7604(a) and 7402(b)], Petitioner is referring to the first analysis (a) presented in this paragraph. Based on this understanding, Petitioner considers that district courts do have subject matter jurisdiction – and, therefore, have to subsequently decide on the personal jurisdiction issue prior to deciding whether or not to hear a case.

4. On the other hand, the DOJ claims that the whole sentence in 26 USC 7609 refers solely to subject-matter jurisdiction. The DOJ considers Petitioner's claims regarding personal jurisdiction to be irrelevant.

5. This Court would certainly decide the proper reading of section 7609. If this Court agrees with Petitioner and adopts the two-part analysis, then this Court must consider that Respondents had waived the defense of personal jurisdiction by failing to contest it as required by FRCP Rule 12(h)(1). As a result, this Court would have to deny Respondent's Motion to Dismiss.

However, if this Court adopts the DOJ's one-part analysis, then the issue becomes centered on the definitions of "resides" and "found".

## II.     Defining the meaning of "resides or is found"

6. Why is 26 USC 7609(h)(1) written in such a manner? Congress could have only said "resides" and defined it to mean solely as physical presence. By stating "resides or is found", it appears that "found" is intended to have a different meaning than "resides." Otherwise, the repetition would be unnecessary.

7. Since Congress did not define the meanings in Chapter 26 of the Code, that definition now rests in the hands of the courts – and this Court must pursue an interpretation of "resides or is found" that is most favorable to Petitioner.

8. To legally define the terms, "reside" means "live, dwell, abide, sojourn, stay, remain, lodge." *Western-Knapp Engineering Co. v. Gilbak, C.C.A.Cal.*, 129 F.2d 135, 136. "Found" does not necessarily mean physical presence. *Freeman v. Bee Mach. Co., Mass.*, 319 U.S. 448, 63 S.Ct. 1146, 1149, 87 L.Ed. 1509.

9. Respondent United States of America "resides or is found" in the District of Columbia. Other Respondents in this case could be "found" in the District without actually "residing" in said District.

10. Chase Bank has affiliations and services various entities – including within the District of Columbia. For example, if one applies for a credit card with Amtrak (located at Union Station in D.C.), the servicer for that credit card is Chase Bank. By providing services in D.C., the bank is certainly "found" here. If not, how could an entity provide services in a jurisdiction and not be "found" in that same jurisdiction?

11. Respondent Chase Bank certainly has either affiliations with local businesses or provides services to residents of the District of Columbia. Respondent may even have lobby groups or legal or financial representation in the District. The extent and magnitude of those affiliations, services, or contacts cannot be presented herein because such information is usually not in the public domain. It can be provided voluntarily from Respondent or be accessed through a Court-allowed discovery with Respondent – to further ascertain the extent of their business connections with the District of Columbia and to offer more proof that these Respondents are "found" in this district and that this Court does have jurisdiction.

12. Another element of proof is found in court records. Chase Bank (or its parent or its affiliates) has at least once been named as a party to a case within a court in Washington, DC.

13. There are hundreds of cases in the U.S. District Court for the District of Columbia where some of the parties do not "reside" in the District. Although some of these cases might have different jurisdictional requirements than what we are facing in this case, the fact remains that Respondents do conduct business in the District of Columbia and have been subject to the jurisdiction of its courts (although under different circumstances).

14. In addition, since Petitioner engaged in Internet commerce with some record keepers, the exercise of jurisdiction based on Web activity would be reasonable – since Respondent engages in that same activity with consumers within the District of Columbia.

15. The IRS Summonses seek copies of records related to Petitioner's financial or business activities with Respondent. These activities are of the same nature that Respondent conducts with various persons or entities within this District – and therefore are relevant in assessing jurisdiction.

### III. Further interpretations of 26 USC 7609(h)(1)

16. Once again, 26 USC 7609(h)(1) states: "the United States district court for the district within which the person to be summoned resides or is found <u>shall</u> have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."

17. Generally, the word "shall" is mandatory. However, it may be construed as merely permissive (as equivalent to "may) to carry out the legislative intention and in cases where no right or benefit to any one depends on its being taken in the imperative sense, and where no public or private right is impaired by its interpretation in the other sense. *Spaulding & Kimball v. Aetna Chemical Co.*, 98 Vt. 169, 126 A. 588, 589; *Wisdom v. Board of Sup'rs of Polk County*, 236 Iowa 669, 19 N.W.2d 602, 607, 608. As against the government, it is to be construed as "may", unless a contrary intention is manifest. *Cairo & Fulton R. Co. v. Hecht*, 95 U.S. 170, 24 L.Ed. 423.

18. There are certainly cases where a petition to quash IRS summonses was filed and adjudicated upon in a district other than where a person "resides."

19. If a statute is not clear about what it says, and its words mean something other than what they say, then we must look at a "higher law" to decide the issue of jurisdiction. According to the U.S. Supreme Court, in case of doubt about the interpretation of statutes levying taxes, then they should be construed "most strongly against the government, and in favor of the citizen." *Gould v. Gould*, 245 US 151 (1917). Applying such a standard to this case would certainly be in favor of Petitioner's position, and this Court must deny the government's motion to dismiss.

### IV. Constitutional Considerations with regard to Jurisdiction

20. Petitioner believes that jurisdictional issues based on U.S. Supreme Court opinions and the Constitution are in her favor. Chapter 26 of the US Code was not enacted into positive law. It is "only *prima facie* evidence of the law" – and therefore can be rebutted.

21. The jurisdictional standards narrated in *International Shoe* supersede the "resides or is found" criteria of 26 USC 7609(h)(1). Respondent Chase Bank does meet the "minimum contacts" principles, do have a purposeful affiliation with the forum, and Petitioner's case relates to the production of financial, personal, or business documents – being of the same nature of transactions or activities that Respondent has with persons within the District.

22. As stated earlier, in some form or another, Respondent (their parent companies or subsidiaries) has either affiliations with local businesses or provide services to residents of the District of Columbia. The extent and magnitude of those affiliations and services cannot be presented herein because such information is usually not in the public domain. It can be provided voluntarily from Respondent or be accessed through a Court-allowed discovery with Respondent – to further ascertain the extent of their contacts with the District of Columbia and that this Court does have jurisdiction in this case.

23. In addition, "national banks are instrumentalities of the federal government, created for public purpose, and as such necessarily subject to the paramount authority of the United States." *Davis v. Elmira Savings*, 161 U.S. 275 (1896). As instruments of the federal government, this Court does have jurisdiction over Respondent banks – i.e., Chase Bank.

24. Moreover, the Fifth Amendment protects Petitioner against being forced to provide evidence against herself, and of due process before a loss of property. This Court has jurisdiction to afford Petitioner the opportunity to be heard and to prevent violations of due process through IRS summonses which seek evidence against Petitioner.

25. Also, the amount of controversy between Petitioner and Respondent the United States, its Treasury Department, or its agency the Internal Revenue Service exceeds $75,000. That being the case, the district courts do have original jurisdiction under 28 USC 1332(a)(1).

26. Furthermore, rather than filing various petitions in different district courts across the country (for this case and case number 1:08-mc-00298), which would unduly burden the judicial system, it would be more in line with the values of judicial economy to consolidate all the filings into one – here in the District of Columbia. Doing so would be more in favor of the overall efficiency in the operation of the judicial system. After all, Respondent Chase Bank has

made no objections to this Court's jurisdiction. The bank is worth billons of dollars and would not be burdened by this case regardless of forum. It would not be a matter of fairness and comity to place the burden to submit filings across the country on Petitioner who has far less resources than Respondents.

## CONCLUSION

27. In making a determination on whether to dismiss a case, the court must take all the allegations in the light most favorable to the plaintiff.

28. Even if the Court still considers jurisdiction to be improper, improper jurisdiction does not require this Court to deny the petition to quash IRS summons. A district court may transfer a case "if it be in the interest of justice." *Hondros v. United States Civil Service Com'n,* 720 F.2d 278, 299 (3d Cir.1983). In Hondros, the court stated that it is impossible to "conclude ... that Congress intended to handcuff the federal courts by prohibiting them from transferring a case improperly filed in the district courts to the Claims Court when the interests of justice so require." Id. at 299 n. 41. *Krapf v. U.S.,* 604 F. Supp. 1164 (D.C.Del., 1985).

29. Petitioner is entitled to all the protections and immunities under the law. If Petitioner does not have an attorney to represent her in her district, and if she does not wish to represent herself before a court, then it would be in the interest of justice to hear her case in any jurisdiction where she can be represented and heard.

30. The Constitution does not require that trial be held in the State which has the "best contacts" with the defendant. See *Shaffer v. Heitner*, 433 U.S. 186 at 228, 97 S.Ct. 2569 at 2592 (1977) (BRENNAN, J., dissenting).

31. "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394; *Louisville & N. R. Co. v. Schmidt*, 177 U.S. 230, 236, 44 S. L. ed. 747, 750, 20 Sup. Ct. Rep. 620; *Simon v. Craft*, 182 U.S. 427, 436, 45 S. L. ed. 1165, 1170, 21 Sup. Ct. Rep. 836. "It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552. (1965). "The right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society." *Matthews v. Eldridge*, 424 U.S. 319 (1976).

32. For reasons listed herein, the U.S. District Court for the District of Columbia has a jurisdiction to adjudicate this case and grant Plaintiff any relief the Court deems appropriate. Respondent United States' Motion to Dismiss should be denied.

Respectfully submitted,

_____/s/ Elias Aoun_____                Date: June 27, 2008
Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
e-mail: Lawyer2008@yahoo.com
Cell Phone 202-257-7796

## CERTIFICATE OF SERVICE

I, Elias Aoun, certify that on or about June 27, 2008, true and correct copies of the foregoing were sent via U.S. Mail to the following:

    BENJAMIN J. WEIR, ESQUIRE
    Trial Attorney, Tax Division
    U.S. Dept. of Justice
    P. O. Box 227
    Ben Franklin Station
    Washington, DC 20044

and

    Chase Bank, USA NA
    7610 West Washington St.
    Indianapolis, IN 46231

                __/s/ Elias Aoun___
                ELIAS AOUN