IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIE K. MCCAMMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:08-mc-00340 |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**UNITED STATES' REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS**

This case concerns Julie K. McCammon's petition to quash the Internal Revenue

Service's administrative summons issued to Chase Bank NA.  McCammon claims that

the United States' motion to dismiss should be denied because: (1) 26 U.S.C. § 7609

must be read in two parts, the first establishing subject-matter jurisdiction upon all

district courts and the second applying constitutional personal jurisdiction standards to

a court's analysis; (2) that Chase Bank NA "resides or is found" in this judicial district

because it services credit cards on behalf of a corporation operating within this judicial

district, potentially lobbies within the judicial district, potentially conducts business

within this judicial district, and because Chase Bank NA engages in internet commerce

with consumers within the District of Columbia; (3) the "minimum contacts" standards

of International Shoe Co. v. Washington, 326 U.S. 310 (1945) are fulfilled; and (4) the

summons violates her Fifth Amendment rights.  Each of these arguments fail.

## I.  Petitioner's claim that 26 U.S.C. § 7609(h) can be read in "two parts" is wholly unsupported

26 U.S.C. § 7609(h)(1) states that "The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g)." McCammon asserts that she reads 26 U.S.C. § 7609(h)(1) "in two parts." (Pet.'s Opp. ¶ 2.)   She claims that section 7609 contains dual meanings whereby (1) all district courts have been granted subject matter jurisdiction regarding administrative summonses; and (2) that the "resides or is found" provision of the statute "is a matter of personal jurisdiction." (Id. ¶ 3.)  McCammon's opposition is, however, devoid of citation to any supporting jurisprudence for this assertion.  (See Pet.'s Opp. ¶¶ 2-5.)

"'A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text' and 'will be strictly construed, in terms of its scope, in favor of the sovereign.'" Gomez-Perez v. Potter, 128 S. Ct. 1931, 1942 -43 (2008).  Put simply, personal jurisdiction 1/ has no import into an analysis pursuant to 26 U.S.C. § 7609.  See Cook v. U.S., No. 01-951, 2002 WL 221084, at *2 (D. Or. Jan. 8, 2002) ("The personal jurisdiction cases cited and discussed by Petitioner are inapposite to the Court's analysis of subject matter jurisdiction pursuant to 26 U.S.C. § 7609(h)(1)."); see also Cayman Nat. Bank, Ltd. v. United States, No. 06-50-T-24, 2007 WL

---

1/The United States does not address Petitioner's claim that the "minimum contacts" requirements of International Shoe are fulfilled because those requirements deal with personal jurisdiction, which is unrelated to the United States' motion to dismiss.

641176, at *2 (M.D. Fla. Feb. 26, 2007) ("various courts have found that the [] 'resides' or 'found' provisions in § 7609(h) go to a court's subject matter jurisdiction") (collecting cases omitted).

McCammon's claim that the language of section 7609(h) creates a bifurcated jurisdictional requirements is wholly unfounded and incorrect as a matter of law.

## II.    Chase Bank NA does not "reside[] or is found" in this judicial district

Petitions to quash administrative summonses must be filed in the judicial district in which the summons recipient is located.  (See U.S. Mem. of Law 1-2.)  McCammon claims that section 7609 does not require a physical presence within the judicial district. (Pet.'s Opp. ¶ 8.)  This claim is unfounded.

### a.    Internet commerce is insufficient to create jurisdiction pursuant to 26 U.S.C. § 7609.

McCammon claims that "Internet commerce" supports jurisdiction2/ in this case.  (Pet.'s Opp. ¶ 14.)  This claim is incorrect.  Internet commerce does not provide a court with subject matter jurisdiction pursuant to section 7609.  Oldham v. United States, No. 01-1410, 2002 WL 850205 at *2 (D. Or. Mar. 21, 2002) (holding that "Computer access does not satisfy the jurisdiction requirement under 26 U.S.C. § 7609"); Scharringhausen v. United States, No. 02-2343, 2003 WL 21517773 at *1 (S.D. Ca. Jan. 15, 2003) (holding that the summons recipient's internet commerce within the judicial

---

2/It appears that Petitioner's assertion is premised upon a belief that "Internet commerce" creates personal jurisdiction, rather than subject matter jurisdiction.  As noted in Section I, *supra*, personal jurisdiction is inapplicable to the Court's subject matter jurisdiction analysis.

3411835.1                                3

district was insufficient to create jurisdiction pursuant to section 7609 because it did not have an office located within the judicial district.).

      **b.**      **Bare allegations of "affiliations" and "services" with entities residing within this judicial district are insufficient**

McCammon additionally alleges that jurisdiction is conferred because Chase Bank: (1) services credit cards issued by an entity located within this judicial district; and (2) has "affiliations with local businesses or provides services to residents" of this judicial district. (Pet.'s Opp. ¶¶10-11.) This claim fails for two reasons. First, McCammon once again confuses personal jurisdiction with subject matter jurisdiction. See Section I, *supra*. Second, Petitioner Chase Bank NA does not have an office located within this judicial district, Petitioner does not allege that Petitioner conducted business with Chase Bank NA within this judicial district, and the summoned records are not located within this judicial district. See Gerber v. United States, No. 06-cv-32, 2007 WL 2003089 at *1 (D.D.C. May 29, 2007) (dismissing a petition to quash because the third-party record keeper and summoned records were located outside the judicial district and because the third party record keeper did not have an office within the judicial district.); see also U.S. Mem. of Law 1-2.

**III.**      **The summons does not violate McCammon's fifth amendment rights**

McCammon's claim that the summons must be quashed because she would be "forced to provide evidence against herself. . ." is specious. (Pet.'s Opp. ¶ 24.) The Internal Revenue Service seeks documents from Chase Bank NA, not petitioner. The

Fifth Amendment, therefore, does not apply to the summons.  <u>Couch v. United States</u>,

409 U.S. 322, 329 (1973) (discussing that the Fifth Amendment is inapplicable to an

Internal Revenue Service summons issued to a third party recordkeeper because it "is a

necessary part of the process of law enforcement and tax investigation."); <u>see</u> <u>also</u>

<u>Nicholls v. United States</u>, No. 83-145, 1983 WL 1660 at *1 (D.D.C.  Sept. 2, 1983) (holding

that "The force of compulsion must be on the individual asserting the right, and the

individual cannot object to enforcement of a[n Internal Revenue Service] summons

against a third party who possesses the material sought.")

### Conclusion

This Court does not have subject matter jurisdiction to permit it to quash the

Internal Revenue Service's administrative summons issued to Chase Bank NA.  The

United States motion to dismiss should, therefore, be granted in full and McCammon's

petition to quash denied.

Date: July 8, 2008.

Respectfully submitted,

_____/s/ Benjamin J. Weir_____
BENJAMIN J. WEIR (D.C. Bar No. 494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0855
Fax: (202) 514-6866
benjamin.j.weir@usdoj.gov
*Counsel for United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on July 8, 2008, true and correct copies of

the foregoing were sent via the Court's ECF service protocol to the following:

ELIAS AOUN, ESQUIRE
1730 N. Lynn Street, No. A-22
Arlington, VA  22209
Eliaoun@yahoo.com

and via postage prepaid U.S. mail to the following

Chase Bank USA NA
7610 West Washington St.
Indianapolis, IN 46231.

/s/ Benjamin J. Weir
BENJAMIN J. WEIR

3411835.1                                                7