**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JULIE K. MCCAMMON,

    Petitioner,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Respondents.

Misc. Action No. 08-340  (CKK)

**MEMORANDUM OPINION**
(August 5, 2008)

Petitioner Julie K. McCammon brought the above-captioned miscellaneous action as a

Petition to Quash an Internal Revenue Service ("IRS") summons issued to a third-party

recordkeeper for information related to her financial activities.  The United States, a Respondent

to the Petition, has filed a motion to dismiss Petitioner's Petition to Quash, in which it argues

that this Court lacks subject matter jurisdiction because petitions to quash summonses issued to

third-party recordkeepers must be filed in the judicial districts in which the summoned parties are

located, and the third-party recordkeeper in this instance is not located in the District of

Columbia.  Petitioner opposes the United States' Motion to Dismiss.  Upon a searching review of

the parties' briefing in connection with the United States' Motion to Dismiss, the relevant

statutes and case law, and the entire record herein, the Court shall GRANT the United States' [3]

Motion to Dismiss for lack of subject matter jurisdiction.  The Court agrees with the United

States that it lacks subject matter jurisdiction over the instant Petition, and that it must therefore

dismiss the instant miscellaneous case in its entirety.

## I.  BACKGROUND

The instant case involves a third-party IRS summons issued to Chase Bank NA (the "Subpoena"), seeking Petitioner's financial records.  *See* Attachment to Petition.  On May 29, 2008, Petitioner filed a Petition to Quash the Subpoena.  *See generally* Petition to Quash. Petitioner had previously commenced a separate miscellaneous action by filing another petition to quash five summons issued to third-party recordkeepers, *McCammon v. United States*, Misc. Action No. 08-298.  In a Memorandum Opinion and Order issued on August 4, 2008, the Court granted the United States' motion to dismiss that petition and dismissed that case in its entirety because the third-party recordkeepers are not located in the District of Columbia.

On June 24, 2008, the United States moved to dismiss the Petition to Quash in this case for lack of subject matter jurisdiction, arguing that petitions to quash must be filed in the judicial districts in which the summoned parties are located, and that the relevant third-party recordkeeper in this case resides outside of the District of Columbia.  Resp.'s MTD at 1-2. Petitioner filed an Opposition to the United States' Motion to Dismiss, and the United States filed a Reply in support of its Motion to Dismiss.  Accordingly, the United States' Motion to Dismiss is now ripe for review.

## II.  DISCUSSION

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1).  On a motion made pursuant to Rule 12(b)(1), the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).  *See also Jerome*

*Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction.").  "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).  In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm Bureau v. Environmental Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

The special procedures applicable to third-party IRS summons are set forth in 26 U.S.C. § 7609.  Generally speaking, the IRS may "issue a summons to any third-party recordkeeper requiring the production of records and documents in its possession relating to a specific taxpayer's financial activities," with notice of the summons to be given to the taxpayer.  *Masat v. United States*, 745 F.2d 985, 987 (5th Cir. 1984) (citing 26 U.S.C. § 7609(a)).  "The taxpayer then has the right to intervene and begin a proceeding to quash the summons."  *Id.* (citing 26 U.S.C. § 7609(b)).  Subsection (h) of 26 U.S.C. § 7609, however, provides that the "United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any [proceedings to quash]. . . ."  *Id.*

Based upon the plain language of 26 U.S.C. § 7609(h), the United States moves to dismiss the Petition to Quash, on the grounds that the subpoenaed third-party recordkeeper is not located in this judicial district, such that this Court lacks subject matter jurisdiction over the Petition.  Resp.'s MTD at 1-2.  As evidenced by the Subpoena itself and by the caption Petitioner

placed on her Petition, the United States is correct that Chase Bank NA is located in Indianapolis, Indiana. *See id.*; Pet., Caption and Attachments. In response to the United States' Motion, Petitioner argues: (1) that 26 U.S.C. § 7609(h) should be read disjunctively and that the term "resides or is found" should be taken to refer to the Court's personal jurisdiction; (2) that this Court has personal jurisdiction over the subpoenaed third-party recordkeeper; and (3) that even if the Court concludes that 26 U.S.C. § 7609(h) refers to subject matter jurisdiction, Chase Bank NA is "found" in the District of Columbia as a result of the activities Petitioner supposes it conducts in the District or its internet activity. None of Petitioner's arguments are availing.

First, courts interpreting 26 U.S.C. § 7609(h) have repeatedly concluded that it limits federal district courts' *subject matter* jurisdiction to hear petitions to quash IRS summonses. *See, e.g.*, *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995); *Cayman Nat'l Bank, Ltd. v. United States*, No. 8:06-MC-50-T-24 MAP, 2007 WL 641176, *2 (M.D.Fla. Feb. 26, 2007); *Oldham v. United States*, No. 01-1410, 2002 WL 850205 (D.Or. Mar. 21, 2002) and 2002 WL 31274046, *3 (D.Or. Sept. 16, 2002). As Judge Ricardo M. Urbina of this Court concluded in *Gerber v. United States*, "this court only has jurisdiction *over summonses* issued to third parties within this district." Misc. A. No. 05-0516 (RMU), 2006 WL 3077460, *1 (D.D.C. Sept. 14, 2006) (citations omitted). Tellingly, Judge Urbina did not consider whether the court had personal jurisdiction over the subpoenaed entities, but rather whether it had subject matter jurisdiction over the petition to quash itself.

As the United States Court of Appeals for the Fifth Circuit explained in *Masat v. United States*, 26 U.S.C. § 7609(h) is "not intended to permit a summons directed to a third-person recordkeeper at that recordkeeper's residence to be challenged wherever else in the world the

recordkeeper may be found." 745 F.2d at 987.  Instead, Congress added the jurisdictional restriction in 26 U.S.C. § 7609(h) in order to achieve "twin goals of shifting to the taxpayer the burden of instituting an action to quash an IRS summons issued to a third-party recordkeeper and of removing the delays in tax investigations." *Id*. at 987-88.  As such "it is only logical that jurisdiction be vested in the district where the summons is to be answered.  Allowing jurisdiction to be determined by the location of the taxpayer . . . would force the mountain to come to Mohammed, and would undercut both objectives of Section 7609." *Id.* at 988.

Despite this clear precedent, Petitioner argues that 26 U.S.C. § 7609(h) should be read disjunctively and seems to suggest that federal district courts have broad subject matter jurisdiction to hear cases in which individuals are summoned under the authority of the Internal Revenue Code. *See* Pet.'s Opp'n at 2.  Petitioner offers absolutely no legal authority for the proposition that 26 U.S.C. § 7609(h) is disjunctive and the Court is not aware of any.  Nor does Petitioner offer legal authority demonstrating that federal district courts have inherent subject matter jurisdiction over all actions involving IRS administrative summonses.  To the contrary, the provisions of the Internal Revenue Code to which Petitioner cites for that assertion–26 U.S.C. §§ 7602(b), 7604(a), and 7609(h) itself–specifically describe limitations on the jurisdiction of federal district courts in that respect.  Further, as the United States correctly notes, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will be strictly construed, in terms of its scope, in favor of the sovereign." *Gomez-Perez v. Potter*, --- U.S. ---, 128 S.Ct. 1931, 1942-43 (2008) (internal quotations and citation omitted).  In this case, 26 U.S.C. § 7609 "constitutes the United States'[] consent to a legal challenge of its authority to issue a third-party summons, [and] strict compliance with the terms of the statute is a

jurisdictional requirement." *Bell v. United States*, 521 F. Supp. 2d 456, 458 (D.Md. 2007).

Nor does Petitioner offer any legal support for her claim that the term "resides or is found" should be read as referring to the Court's personal jurisdiction over the subpoenaed recordkeepers. *See* Pet.'s Opp'n at 2. Rather, "[v]arious courts have found that the [] 'resides' or 'found' provisions in § 7609(h) go to a court's subject matter jurisdiction." *Cayman Nat'l Bank*, 2007 WL 641176, at *2. In light of the clear precedent confirming that 26 U.S.C. § 7609(h) involves the Court's subject matter jurisdiction over a petition to quash rather than personal jurisdiction over the summoned party, Petitioner's repeated analysis of the Court's purported personal jurisdiction over Chase Bank NA is entirely irrelevant. The Court therefore does not consider it herein, because "[t]he personal jurisdiction cases cited and discussed by Petitioner are inapposite to the Court's analysis of subject matter jurisdiction pursuant to 26 U.S.C. § 7609(h)(1)." *Cook v. United States*, No. CV 01-951-BR, 2002 WL 221084, * 2 (D.Or. Jan. 8, 2002).

In a final attempt to prevent the dismissal of her Petition, Petitioner argues that, even if this Court concludes that 26 U.S.C. § 7609(h) defines the Court's subject matter jurisdiction, the Court should find that Chase Bank NA is "found" in the District of Columbia by virtue of internet activity and unspecified "affiliations with local businesses or provi[sion] of services to residents of the District of Columbia." Pet.'s Opp'n at 3-6. Petitioner also suggests that she should be allowed to conduct discovery in order to determine the extent of Chase Bank NA's contacts with the District of Columbia. Petitioner's suggestions are unavailing for a number of reasons. As an initial matter, it is undisputed that Chase Bank NA does not "reside" in the District of Columbia. Further, while the handful of courts that have interpreted the phrase "is

found" in 26 U.S.C. § 7609(h) have concluded that it "contemplates subject matter jurisdiction

based on something other than residence," *Williams v. United States*, No. 1:05-mc-6, 2005 U.S.

Dist. LEXIS 25673, * 5-6 (E.D.Tenn. Jul. 29, 2005), those courts have uniformly "required the

actual physical presence of the summoned party within the district in order for the summoned

party to be considered 'found' within the district," *Cayman Nat'l Bank*, 2007 WL 641176 at *3.

Petitioner has offered no evidence to that effect, nor does she maintain that the subpoenaed

records are located in the District of Columbia.  *See also Gerber*, 2006 WL 3077460 at *1.

Finally, while Petitioner focuses on Chase Bank NA's alleged internet activity, various courts

have found that internet commerce does not provide a court with subject matter jurisdiction

under 26 U.S.C. § 7609(h).  *See Oldham*, 2002 WL 850205 at *3; *Scharringhausen v. United

States*, No. 02-CV-2343, 2003 WL 21517773, *1 (S.D.Cal. Jan. 15, 2003).

 In short, Petitioner, who bears the burden of establishing subject matter jurisdiction, has

offered no evidence whatsoever that Chase Bank NA has a physical presence within the District

of Columbia.  Nor is Petitioner entitled to jurisdictional discovery in order to find such evidence,

because she has failed to offer even a suggestion that any of the entities at issue have a physical

presence in the District of Columbia.  Although jurisdictional discovery should be granted freely,

it can be denied when the plaintiff has failed to present facts that could establish jurisdiction.

*See Carribean Broad. Sys. Ltd. v. Cable & Wireless, PLC*, 148 F.3d 1080, 1089-90 (D.C. Cir.

1998) (affirming district court's denial of discovery when plaintiffs did not present sufficient

evidence of jurisdiction); *Savage v. Bioport, Inc.*, 460 F. Supp. 2d 55, 62-63 (D.D.C. 2006)

(denying jurisdictional discovery where plaintiff did not allege contacts with the District

sufficient to establish general or specific jurisdiction).  As such, the Court must conclude that it

lacks subject matter jurisdiction to entertain the Petition to Quash because Chase Bank NA

neither "resides [n]or is found" in the District of Columbia.

Finally, Petitioner suggests that if this Court concludes it lacks subject matter jurisdiction

over the Petition, it should transfer the case to another district "in the interest of justice."

*See* Pet.'s Opp'n at 9-10.  In an exercise of its discretion, the Court declines to do so, and shall

dismiss Petitioner's Petition to Quash for lack of subject matter jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, the Court shall GRANT the United States' [3] Motion to

Dismiss and shall DISMISS this case in its entirety.  An appropriate Order accompanies this

Memorandum Opinion.

Date:   August 5, 2008

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge