IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIE K. MCCAMMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:08-mc-00340 |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S "MOTION FOR REHEARING
AND MOTION FOR REHEARING _EN BANC_"**

On August 5, 2008, this Court granted the United States' motion to dismiss Julie

K. McCammon's petition to quash an administrative summons issued by the Internal

Revenue Service.  Petitioner filed a "motion for rehearing and motion for rehearing _en_

_banc_" on August 11, 2008.  This motion should be denied because it requests a remedy

that is not available and because it does not fulfill the requirements for a motion for

reconsideration pursuant to Fed. R. Civ. P. 59(e).

I.    **McCammon's motion seeks an unavailable remedy**

McCammon seeks to have this Court's August 5, 2008 opinion order vacated and

to have an _en banc_ hearing with the judges of the District Court for the District of

Columbia.  (See Pet.'s Mot. 11-12.)  However, McCammon provides no legal authority

establishing that a rehearing or rehearing _en banc_ is available.  The United States,

therefore, herein treats McCammon's motion as a motion for reconsideration pursuant

to Fed. R. Civ. P. 59(e).  See ,e.g., Contee v. McPherson, No. 85-2748, 1988 WL 43818 at *1

(D.D.C. Apr. 27, 1998) (treating plaintiff's "motion for rehearing *en banc*" as a motion for

a new trial pursuant to Fed. R. Civ. P. 59(b) based on the contents of the plaintiff's

pleading).

## II.    Standards of Law

Fed. R. Civ. P. 59(e) provides that a "motion to alter or amend a judgment must

be filed no later than 10 days after the entry of the judgment."  Motions pursuant to rule

59(e) "'need not be granted'" unless there is an "'intervening change of controlling law,

the availability of new evidence, or the need to correct a clear legal error or prevent

manifest injustice.'"  Nwachukwu v. Karl, 222 F.R.D. 208, 210 (D.D.C. 2004) (quoting

Firestone v. Firestone, 76 F.3d 1205 (D.C. Cir.1996)). "The reconsideration and

amendment of a previous order is an unusual remedy."  Id.  Finally, a "'Rule 59(e)

motion to reconsider is not simply an opportunity to reargue facts and theories upon

which a court has already ruled', or a vehicle for presenting theories or arguments that

could have been advanced earlier."  Jones v. Bernanke, 538 F. Supp. 2d 53, 60 (D.D.C.

2008) (citations omitted).

## III.    McCammon's pleading does not fulfill the requirements necessary to have a motion for reconsideration granted

McCammon's motion for rehearing *en banc* does not assert that there was an

"intervening change of controlling law" or that "new evidence" is available. See

Nwachukwu, 222 F.R.D. at 210.  Even given the most liberal reading, her motion also

fails to establish a "need to correct a clear legal error or prevent manifest injustice."  Id.

McKammon merely claims that the Court inaccurately summarized that she failed to provide legal authority for her claim that 26 U.S.C. § 7609(h) is disjunctive and requires a personal jurisdiction analysis. (Pet.'s Mot. ¶9.) Petitioner then cites her memorandum of law in opposition to the United States' motion to dismiss which contains a citation to <u>Skul v. United States</u>, 2007 WL 1144799 (N.D. Ohio 2007). (Pet.'s Mot. ¶ 10.) The <u>Skul</u> case is not, however, binding precedent on this Court. Further, the Court addressed at length, and rejected based on "clear precedent," petitioner's claims that section 7609(h) is disjunctive and entails a personal jurisdiction analysis.<u>1</u>/ (Op. 3-7.)

McCammon has not fulfilled the requirements for a motion for reconsideration. Put simply, she seeks to "reargue facts and theories upon which [the] court has already ruled.'" <u>Jones v. Bernanke</u>, 538 F. Supp. 2d at 60.

### Conclusion

Julie K. McCammon's motion for rehearing *en banc* seeks a remedy that is not available. Therefore, her motion should be treated as motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). McCammon has failed to establish an "intervening change of controlling law," that "new evidence" is available, or that a "clear legal error" needs to be corrected. <u>Nwachukwu</u>, 222 F.R.D. at 210. Her motion should be denied.

---

<u>1</u>/The remainder of McCammon's claims are, therefore, immaterial as this Court held that it did not have subject matter jurisdiction over the case.

Date: August 19, 2008.

Respectfully submitted,

_____/s/ Benjamin J. Weir_____
BENJAMIN J. WEIR (D.C. Bar No.
494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0855
Fax: (202) 514-6866
benjamin.j.weir@usdoj.gov
*Counsel for United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I, Benjamin J. Weir, certify that on August 19, 2008, true and correct copies of the

foregoing were sent via the Court's ECF service protocol to the following:

ELIAS AOUN, ESQUIRE
1730 N. Lynn Street, No. A-22
Arlington, VA  22209
Eliaoun@yahoo.com

and via postage prepaid U.S. mail to the following

Chase Bank USA NA
7610 West Washington St.
Indianapolis, IN 46231.


/s/ Benjamin J. Weir

BENJAMIN J. WEIR

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JULIE K. MCCAMMON,            )
                             )
            Petitioner,       )
                             )
      v.                      )      No. 1:08-mc-00340
                             )
UNITED STATES, et al.,        )
                             )
            Respondents.      )

## <u>ORDER</u>

Upon considered of the Julie K. McCammon's motion for rehearing and motion for rehearing *en Banc*, the United States' opposition thereto, and for good cause shown, it is:

ORDERED that Petitioner Julie K. McCammon's motion for rehearing and motion for rehearing *en Banc* is DENIED.

Dated: _____, 2008          _____
                                    UNITED STATES DISTRICT JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I, Benjamin J. Weir, certify that on August 19, 2008, true and correct copies of the

foregoing were sent via the Court's ECF service protocol to the following:

ELIAS AOUN, ESQUIRE
1730 N. Lynn Street, No. A-22
Arlington, VA  22209
Eliaoun@yahoo.com

and via postage prepaid U.S. mail to the following

Chase Bank USA NA
7610 West Washington St.
Indianapolis, IN 46231.

/s/ Benjamin J. Weir
BENJAMIN J. WEIR