UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIE K. MCCAMMON,

   Petitioner,

   v.

UNITED STATES OF AMERICA, *et al.*,

   Respondents.

Misc. Action No. 08-340 (CKK)

**ORDER**
(August 22, 2008)

On August 5, 2008, the Court issued a Memorandum Opinion and Order granting Respondent the United States' Motion to Dismiss Petitioner's Petition to Quash for lack of subject matter jurisdiction. On August 11, 2008, Petitioner filed a [9] Motion for Rehearing and Motion for Rehearing *en Banc*. As to Petitioner's request for a rehearing *en banc*, she offers no legal authority to suggest such a remedy is available. The Court therefore treats Petitioner's Motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). "The district court has considerable discretion in ruling on a Rule 59(e) motion." *Piper v. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004) (citing *Rann v. Chao*, 209 F. Supp. 2d 75, 78 (D.D.C. 2002)). Importantly, "[a] motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment after its entry is not routinely granted." *Harvey v. Dist. of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996). "Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Indeed, "Rule 59(e)

motions 'need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'" *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curium)).  Moreover, the law is clear that a "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Co.'s v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999); *see also New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) ("Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").

      Here, Petitioner has not suggested an "intervening change of controlling law" or the "availability of new evidence."  Nor has Petitioner demonstrated "the need to correct clear evidence or manifest injustice."  Petitioner simply argues that the Court failed to consider a case that is not binding on this Court, *see* Pet.'s Mot. ¶ 10 (citing *Skul v. United States*, No. 5:07 CV 0601, 2007 WL 1144799 (N.D. Ohio 2007)), and then attempts to reargue facts and legal theories she raised in opposing the United States' Motion to Quash.  To the extent that Petitioner argues that 26 U.S.C. § 7609(h) is disjunctive and that it refers to personal, rather than subject matter jurisdiction, the Court specifically considered and rejected those arguments in its August 4, 2008 Memorandum Opinion.  Moreover, insofar as Petitioner suggests that the Court improperly overlooked some of her substantive legal arguments–for instance, her claim pursuant to the Fifth Amendment–the Court did not overlook those arguments.  Rather, having concluded that it

lacked subject matter jurisdiction over Petitioner's Petition to Quash, the Court was unable to consider Petitioner's substantive arguments.

In short, Petitioner has not met the standard for reconsideration under Federal Rule of Civil Procedure 59(e), and her Motion offers the Court no reason for reconsidering its August 5, 2008 Memorandum Opinion and Order. Accordingly, it is this 22nd day of August, 2008, hereby

**ORDERED** that Petitioner's [9] Motion for Rehearing and Motion for Rehearing *en Banc* is DENIED.

**SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge